*Col 300 3624*

FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

2012 APR 16   PM 1:11

ROBERT N. [ILLEGIBLE]
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| MELANIE ADKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHECK FRAUD SERVICES, LLC., | ) |
| d/b/a CHECK SERVICES, | ) |
| | ) |
| Defendant. | ) |

3:12CV 179

## COMPLAINT

NOW COMES the Plaintiff, MELANIE ADKINS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, CHECK FRAUD SERVICES, LLC, d/b/a CHECK SERVICES, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. MELANIE ADKINS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Goshen, County of Elkhart, State of Indiana.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Advanced America (hereinafter, "AA").

1

6.      The debt that Plaintiff allegedly owed AA was for a payday loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.      CHECK FRAUD SERVICES, LLC, d/b/a CHECK SERVICES, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Indiana. Defendant is registered as a limited liability company in the State of Georgia.

9.      The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    ALLEGATIONS

14.     In or around February 2012, Defendant initiated a telephone call to Plaintiff in an attempt to collect a debt she allegedly owed to AA.

2

15.     At the time Defendant initiated the aforesaid telephone call to Plaintiff, Defendant left Plaintiff a voicemail message for Plaintiff in an attempt to collect a debt she allegedly owed to AA.

16.     In the voicemail message Defendant left for Plaintiff, Defendant's duly authorized representative identified himself as "Investigator Don Mac."

17.     In the voicemail message Defendant left for Plaintiff, Defendant stated "I am calling because a felony warrant has been placed against you in the State of Indiana."

18.     In the voicemail message Defendant left for Plaintiff, Defendant further stated "[t]his is a felony warrant for your arrest in Elkhart County and Marion County."

19.     Defendant then provided Plaintiff with a putative "Affidavit number."

20.     In the voicemail message, Defendant further stated that Plaintiff had "been named as a respondent so [Defendant] needed either [Plaintiff] or her attorney to call [Defendant] today and also to appear in Court."

21.     Defendant then provided Plaintiff with a telephone number that she was to call to reach Defendant.

22.     Defendant then informed Plaintiff to call the aforesaid telephone number immediately.

23.     Plaintiff heard the contents of the voicemail message left by Defendant, as delineated above.

24.     At no time during the course of the aforesaid voicemail message did Defendant inform Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

25.    At no time during the course of the aforesaid voicemail message did Defendant's duly authorized representative provide Plaintiff with information relative to Defendant's identity.

26.    Plaintiff only ascertained the aforesaid voicemail message was left by Defendant when, subsequent to having heard the contents of the voicemail message, Plaintiff initiated a telephone call to the telephone number left during the aforesaid voicemail message and Plaintiff engaged in a telephone conversation with Defendant.

27.    Defendant's statement, in the aforesaid voicemail message, that its representative was an "Investigator" was false, deceptive and/or misleading given that, upon information and belief, Defendant's duly authorized representative was not an "Investigator"

28.    Defendant's statement, during the aforesaid voicemail message, that its representative was an "Investigator," in conjunction with Defendant's statements that a warrant had been issued for Plaintiff's arrest, had the effect of conveying to an unsophisticated consumer that Defendant was affiliated with and/or an agent of a police and/or governmental agency.

29.    By using the name of "Check Fraud Services, LLC" to identify itself, Defendant further conveyed to an unsophisticated consumer that Defendant was affiliated with and/or an agent of a police and/or governmental agency.

30.    By using the name of "Check Fraud Services, LLC" to identify itself, Defendant further conveyed to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the debt on which Defendant was attempting to collect.

31.    Defendant has neither an affiliation with a police and/or governmental agency nor is Defendant an agent of a police and/or governmental agency.

4

32.     Defendant's representation that it was affiliated with a police and/or governmental agency was false, deceptive and/or misleading given Defendant is a debt collector and is not affiliated with a police and/or governmental agency.

33.     Defendant's representation that a felony warrant existed for Plaintiff's arrest, in the aforesaid voicemail message,  had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the debt on which Defendant was attempting to collect.

34.     Plaintiff had not engaged in criminal conduct with respect to the debt on which it was attempting to collect.

35.     Defendant's representation that Plaintiff had engaged in criminal conduct was false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the debt on which it was attempting to collect.

36.     Defendant's representation that Plaintiff had engaged in criminal conduct relative to the debt on which it was attempting to collect misrepresented the character, status and/or legal nature of the debt on which it was attempting to collect given that Plaintiff had not engaged in the aforesaid conduct relative to the debt on which it was attempting to collect.

37.     Defendant's representations that Plaintiff had engaged in criminal conduct were statements made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

38.     At the time Defendant made the statement that a warrant had been issued for Plaintiff's arrest in the County of Elkhart, during the course of the aforesaid voicemail message, no such warrant had been issued for Plaintiff relative to the debt on which Defendant was attempting to collect.

39.    At the time Defendant made the statement that a warrant had been issued for Plaintiff's arrest in the County of Elkhart, Plaintiff was residing in the County of Elkhart.

40.    Defendant's representation that a warrant had been issued for Plaintiff's arrest in the County of Elkhart was false, deceptive and/or misleading given that at the time Defendant made the aforesaid representation no warrant had been issued for Plaintiff's arrest in the aforesaid county.

41.    Defendant's representation that a warrant had been issued for Plaintiff's arrest in the County of Elkhart misrepresented the character, nature and/or legal status of the debt on which Defendant was attempting to collect given that at the time Defendant made the aforesaid representations no warrant had been issued for Plaintiff's arrest.

42.    Defendant's statement that a warrant had been issued for Plaintiff's arrest, was a statement made by Defendant in an attempt to disgrace Plaintiff.

43.    Defendant's representations to Plaintiff, during the course of the aforesaid voicemail message as delineated above, were statements made by Defendant to Plaintiff in an attempt to coerce Plaintiff into making a payment to Defendant.

44.    In or around February 2012, subsequent to Plaintiff having listened to the voicemail message left for her by Defendant, Plaintiff initiated a telephone call to the telephone number that Defendant had left during its voicemail message.

45.    Plaintiff then engaged in a telephone conversation with a duly authorized representative of Defendant who stated that Plaintiff owed a debt to AA.

46.    During the course of the aforesaid telephone call, Defendant told Plaintiff that she had three (3) options relative to the debt she owed.

6

47.     Defendant told Plaintiff that the first option was that Plaintiff could turn herself in so that she could be arrested.

48.     Defendant told Plaintiff that the second option was that Defendant would have Plaintiff served with a warrant for her arrest.

49.     Defendant told Plaintiff that the third option was that Plaintiff had to immediately pay Defendant for the debt she owed.

50.     Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not immediately pay Defendant relative to the debt she allegedly owed then Plaintiff would be arrested.

51.     Defendant's representations, as delineated above, caused Plaintiff to believe that if she did not immediately pay Defendant relative to the debt she allegedly owed then she would be arrested.

52.     Defendant's representations that she could be arrested as a result of allegedly owing a debt were false, deceptive and/or misleading given that Defendant had neither the power nor the authority to have Plaintiff arrested for allegedly failing to pay a debt she allegedly owed.

53.     Due to Defendant's representations, during the course of the aforesaid telephone call, Plaintiff provided Defendant with her financial information so that she could pay Defendant relative to the debt on which it was attempting to collect.

54.     On or about February 20, 2012, subsequent to Plaintiff having paid Defendant relative to the debt she allegedly owed to AA, Defendant sent Plaintiff a correspondence. (See a true and exact copy of said correspondence attached hereto as **Exhibit A**).

55.     Defendant, in the correspondence, dated February 20, 2012, stated "[t]his letter is to confirm that the account listed above has been settled in full with a zero balance."

56.     Defendant, in the correspondence, dated February 20, 2012, referenced the debt Plaintiff allegedly owed to AA.

57.     Defendant in the correspondence, dated February 20, 2012, further stated "[u]nless you notify us in writing within 30 days after receipt of this letter that the validity of this debt or any portion of it is disputed, we will assume that the debt is valid."

58.     Defendant's representation that Plaintiff had to notify it in writing that she disputed the validity of the debt within 30 days was false, deceptive and/or misleading given that Plaintiff had the right, pursuant to 15 U.S.C. §1692g et seq., to dispute the debt orally to Defendant.

59.     On or about February 20, 2012, subsequent to Plaintiff having provided Defendant with her financial information so that she could make a payment to Defendant, Plaintiff informed her bank to cancel the payment she made to Defendant.

60.     On or about February 20, 2012, the payment Plaintiff agreed to make to Defendant was cancelled such that Defendant did not receive any funds from Plaintiff.

61.     On or about February 24, 2012, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the debt Plaintiff allegedly owed.

62.     On or about February 24, 2012, a duly authorized representative of Defendant left Plaintiff a voicemail message.

63.     During the course of the voicemail message, Defendant told Plaintiff that the payment she arranged to make to Defendant was not processed and that Plaintiff had to immediately contact Defendant.

64.     At no time during the course of the aforesaid voicemail message did Defendant inform Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

65.     In its attempts to collect the debt allegedly owed by Plaintiff to AA, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a.  Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b.  Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

    c.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    d.  Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    e.  Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

    f.  Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    g.  Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

    h.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    i.  Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    j.   Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    k.   Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    l.   Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

66.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

67.    Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MELANIE ADKINS, by and through her attorneys, respectfully prays for judgment as follows:

    a.   All actual compensatory damages suffered;

    b.   Statutory damages of $1,000.00;

    c.   Plaintiff's attorneys' fees and costs;

    d.   Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**MELANIE ADKINS**

By: _____

David M. Marco
Attorney for Plaintiff

Dated: April 13, 2012

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:    dmarco@smithlaw.us

10